# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**DALE WILLISON,**
    **Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO. 21-1520**

**NOBLE DRILLING EXPLORATION COMPANY, ET AL.,**
    **Defendants**

**SECTION: "E"(1)**

## ORDER AND REASONS

Before the Court is the motion to remand[1] filed by Plaintiff Dale Willison ("Plaintiff"). Defendant Kongsberg Maritime, Inc. ("Kongsberg") filed an opposition.[2] Plaintiff filed a reply.[3]

On November 29, 2021, the Court issued an Order and Reasons deciding issues relating to the motion to remand and holding that discharge of Plaintiff's claim against the Noble Defendants in bankruptcy does not bar him from asserting the same claims solely to recover from Kongsberg through indemnity, and that Plaintiff's Jones Act claim had not been fraudulently pleaded for failure to sue his employer.[4] The Court deferred its ruling on the motion to remand and instructed the parties to file supplemental memorandums.[5]

---

[1] R. Doc. 6.

[2] R. Doc. 8.

[3] R. Doc. 12.

[4] R. Doc. 17. The Court did not reach the merits of Plaintiff's argument that he "is a third party beneficiary of the indemnity provision, [and is] entitled to pursue all claims that Plaintiff has against the Noble Defendants against the indemnitors of the Noble Defendants, specifically, Kongsberg." R. Doc. 1-1 at ¶ 60, at p. 6.

[5] R. Doc. 17. On December 13, 2021, Plaintiff filed his supplemental memorandum in support of his motion to remand. R. Doc. 20. On December 22, 2021, Kongsberg filed its supplemental memorandum in opposition to Plaintiff's motion to remand. R Doc. 21.

## BACKGROUND

Plaintiff alleges that, at all relevant times, he was employed as a field engineer for Kongsberg.[6] Plaintiff alleges he was assigned by Kongsberg to perform repair services on dynamic positioning equipment on a "vessel and fleet of vessels owned and operated by Defendants, Noble Drilling Exploration Company, Noble Drilling (U.S.), LLC, Noble Drilling (U.S.), Inc., and Paragon Offshore Drilling, LLC" (collectively, the "Noble Defendants").[7] According to Plaintiff, he travelled by airplane from New Orleans, Louisiana, to Guyana, South America, on or about December 25, 2019, to provide services for the Noble Defendants on behalf of Kongsberg pursuant to the Master Service Contract between Kongsberg and the Noble Defendants.[8] The Noble Defendants were responsible for transporting Plaintiff from the airport to the vessel he would board to perform his work.[9] When Plaintiff arrived at the airport in Guyana, he was greeted by an agent with a placard bearing the name "Noble."[10] The Noble Defendants provided Plaintiff transportation through a company known as Knight Rider Transportation.[11] The Knight Rider Transportation driver drove at a high rate of speed down a two-lane road, frequently swerving in and out of traffic during the trip.[12] At some point during the trip, the driver of the vehicle took evasive action to avoid a washing machine in the lane of travel and, in so doing, swerved into the oncoming lane of travel, causing a head-on collision with a taxi. As a result of the collision, Plaintiff sustained injuries.[13]

---

[6] R. Doc. 1-1 at ¶ 8, p. 21.
[7] *Id.* at ¶ 10, p. 21.
[8] *Id.* at ¶ 13, p. 22.
[9] *Id.* at ¶ 14, p. 22.
[10] *Id.* at ¶ 15, p. 22.
[11] *Id.* at ¶ 16, p. 22.
[12] *Id.* at ¶ 18, p. 22.
[13] *Id.* at ¶¶ 20-22, pp. 22-23.

On December 28, 2020, Plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans invoking the savings to suitors clause.[14] Plaintiff sued the Noble Defendants for unseaworthiness under the general maritime law, and for negligence under the Jones Act, the general maritime law, and Louisiana law.[15] Plaintiff alleges the Noble Defendants are his borrowing Jones Act employer.[16] On May 20, 2021, Plaintiff filed a first amended petition for damages in state court, adding Kongsberg as a defendant and alleging Kongsberg is liable for Plaintiff's claims against the Noble Defendants because of the indemnity provision in the October 21, 2003 Master Service Contract entered into between Kongsberg and the Noble Defendants.[17] Specifically, Plaintiff alleges Kongsberg agreed to indemnify the Noble Defendants and that Plaintiff is a third party beneficiary of the indemnity agreement between them.[18] Plaintiff alleges the indemnity agreement gives him the right "to pursue all claims that Plaintiff has against the Noble Defendants against" Kongsberg.[19]

On June 14, 2021, Plaintiff and the Noble Defendants reached a stipulation in the Noble Defendants' Chapter 11 bankruptcy proceedings, pending in the United States Bankruptcy Court for the Southern District of Texas.[20] The stipulation provides for the discharge of Plaintiff's claims against the Noble Defendants, and for the partial lifting of

---

[14] *See* R. Doc. 1-1 at p. 20–26; *see also id.* at ¶ 3, at p. 21 (alleging that "Plaintiff is entitled to bring said suit in Louisiana state court pursuant to the 'savings to suitors clause' in 28 U.S.C. 1333."). Plaintiff also filed two workers compensation claims against his employer, Kongsberg, within a year of the accident. *Id.* at ¶ 23, p. 23.

[15] *Id.* at ¶¶ 25–44, pp. 23–25.

[16] *Id.* ¶¶ 8–12, pp. 21–22.

[17] *Id.* at pp. 4–7. Plaintiff attached the Master Service Contract as an exhibit to his first amended petition. *Id.* at pp. 9-18. The indemnity provisions are found in section 7 of the Master Service Contract. *Id.* at pp. 12–14.

[18] *Id.* at ¶¶ 47–60, pp. 4–6.

[19] *Id.* at ¶ 60, p. 6.

[20] The Noble Defendants' bankruptcy proceedings are styled as follows: *In re Noble Corp. PLC*, No. 20-33826 (S.D. Tex. Bankr. July 31, 2020); *In re Noble Drilling (U.S.) LLC*, No. 20-33851 (S.D. Tex. Bankr. July 31, 2020); *In re Noble Drilling Exploration Co.*, No. 20-33854 (S.D. Tex. Bankr. July 31, 2020).

3

the bankruptcy stay to allow Plaintiff to pursue his claims against the Noble Defendants but only to the extent he recovers from Kongsberg based on indemnity.[21]

On August 11, 2021, Kongsberg filed a Notice of Removal, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(3).[22] In its Notice of Removal, Kongsberg acknowledges "Plaintiff asserts claims against the Noble Defendants pursuant to the Jones Act," and that "[s]uch claims are generally nonremovable," but asserts that "this case is removable notwithstanding Plaintiff's alleged assertion of a Jones Act claim for two reasons."[23] Kongsberg argues, first, that Plaintiff is not a seaman and "his Jones Act claim was fraudulently pled to prevent removal,"[24] and, second, that Plaintiff's Jones Act claim "may be severed and remanded to state court."[25] On September 27, 2021, Plaintiff filed a motion to remand, arguing all his claims are nonremovable because they are brought pursuant to the Jones Act, and Jones Act claims are not removable from state court.[26]

## **LEGAL STANDARD**

Federal courts are courts of limited subject matter jurisdiction, and they possess only the power authorized by the Constitution and by statute.[27] Under 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the plaintiff could have originally brought the action in federal court.[28] Pursuant to 28 U.S.C. § 1332, a federal court may exercise subject matter jurisdiction "where the matter in controversy

---

[21] R. Doc. 1-2; *see also In re Noble Corp. PLC*, No. 20-33826, R. Doc. 1187.
[22] R. Doc. 1.
[23] *Id.* at ¶ 22.
[24] *Id.* at ¶ 23.
[25] *Id.* at ¶ 24.
[26] R. Doc. 6.
[27] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[28] *See* 28 U.S.C. § 1441.

exceeds the sum or value of $75,000, exclusive of interests and costs," and where there is complete diversity of citizenship.[29] The parties are completely diverse where no plaintiff is a "citizen of the same State as any defendant."[30]

Section 1441(b)(2) permits a defendant to "remove a case from state court to federal court on the basis of diversity jurisdiction so long as none 'of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"[31] However, "[i]t is axiomatic that Jones Act claims may not be removed from state court" because the Jones Act incorporates the general provisions of the Federal Employer Liability Act ("FELA"), including 28 U.S.C. § 1445(a), which bars removal of FELA claims.[32] This bar to removal of Jones Act claims applies even when complete diversity exists.[33]

## LAW AND ANALYSIS

In its Notice of Removal, Kongsberg invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(3).[34] Kongsberg asserts, and Plaintiff does not disagree, there is complete diversity among the parties and the amount in controversy exceeds

---

[29] *See* 28 U.S.C. § 1332(a).
[30] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).
[31] *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1,* 745 F. App'x 205, 207 (5th Cir. 2018) (quoting 28 U.S.C. § 1441(b)(2)).
[32] *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir. 1993). 28 U.S.C. § 1445(a) provides that "[a] civil action in any State court against a railroad or its receivers or trustees, arising under sections 1–4 and 5–10 of the Act of April 22, 1908 (45 U.S.C. 51–54, 55–60), may not be removed to any district court of the United States." Section 1445(a) directly references FELA, 45 U.S.C. §§ 51 *et seq.*, and the Jones Act expressly incorporates the provisions of FELA in stating the "[l]aws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section." 46 U.S.C. § 30104.
[33] *See Lewis v. Lewis & Clark Marine, Inc.* 531 U.S. 438, 455 (2001) (stating that "a Jones Act claim . . . is not subject to removal to federal court even in the event of diversity of the parties."); *see also Gregoire v. Enter. Marine Servs., LLC,* 38 F. Supp. 3d 749, 765 (E.D. La. 2014) (recognizing that "Jones Act claims are not subject to removal, even if the parties are diverse.")
[34] R. Doc. 1.

5

$75,000.00, exclusive of interests and costs.[35] The complete diversity and amount in controversy requirements are met in this case.

The Court must determine whether this lawsuit—which involves claims under the Jones Act, general maritime law, and Louisiana law—was properly removed in accordance with 28 U.S.C. § 1441, which authorizes removal of cases "of which the district courts of the United States have original jurisdiction."[36]

In *Romero v. International Terminal Operating Company*, the Supreme Court held that general maritime law claims do not arise under the Constitution, treaties, or laws of the United States for purposes of federal question jurisdiction under § 1331.[37] Instead, federal district courts have original jurisdiction over general maritime law claims under 28 U.S.C. § 1333.[38]

In *In re Dutile*, the Fifth Circuit held that general maritime law claims brought in state court pursuant to the savings to suitors clause are not removable under the pre-2011 version of § 1441.[39] The pre-2011 version of § 1441 provided, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if

---

[35] *Id.* at ¶ 5.
[36] 28 U.S.C. § 1441(a).
[37] 358 U.S. 354, 378 (1959).
[38] *See* 28 U.S.C. § 1333(1) (providing that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."
[39] 935 F.2d 61 (5th Cir. 1991).

none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[40]

The Fifth Circuit in *Dutile* reasoned that, because general maritime law claims do not arise under the Constitution, treaties, or laws of the United States for purposes of federal question jurisdiction, they do not fall within the category of cases referenced in the first sentence of subsection (b).[41] Rather, the court found that general maritime law claims fall within the second sentence of subsection (b)—the "any other such action," category—and construed this language as an "Act of Congress" expressly providing that general maritime law claims are not removable under subsection (a).[42] In *Dutile*, the Fifth Circuit held that because general maritime law claims do not arise under the Constitution, treaties, or laws of the United States for purposes of federal question jurisdiction, such claims are not removable absent some other independent basis of federal subject matter jurisdiction.[43]

In 2011, Congress amended § 1441, which now states, in pertinent part,

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

(b)(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[44]

---

[40] 28 U.S.C. § 1441(a) (1990).
[41] *Dutile*, 935 F.2d at 62–63.
[42] *Id.* at 63.
[43] *Id.*
[44] 28 U.S.C. § 1441(a), (b) (2012).

Most notably, Congress removed the "[a]ny other such action" language from the pre-2011 version of §1441(b), which the *Dutile* court relied on in finding that general maritime claims are excluded from § 1441(a)'s grant of removal jurisdiction for claims over which federal courts have original jurisdiction.

The Fifth Circuit has yet to address whether, in light of Congress's December 2011 amendment to the removal statute, the savings to suitors clause of § 1333(1) prohibits removal of general maritime law claims absent an independent basis for federal jurisdiction. District courts within the Fifth Circuit have sharply divided on this question. Certain district courts have held that the retention of the provision permitting removal over cases in which district courts have original jurisdiction, combined with the deletion of the "any other such action" language from the current version of § 1441(b), means that § 1441 no longer prohibits removal of general maritime law claims brought in state court, and that such claims are removable even in the absence of an independent basis of jurisdiction, such as complete diversity.[45] As observed by the Fifth Circuit, however, the "vast majority of district courts considering this question have maintained that such lawsuits are not removable."[46] Significantly, all sections within the Eastern District of Louisiana to consider the issue have concluded that Congress's 2011 amendments to § 1441 do not alter the traditional rule that general maritime law claims are not removable absent an independent basis of federal jurisdiction.[47]

---

[45] *See Ryan v. Hercules*, 945 F. Supp. 2d 772, 778-80 (S.D. Tex. 2013); s*ee also Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 809 (M.D. La. 2015) (collecting cases).

[46] *Sangha v. Navig8 ShipManagement Priv. Ltd*., 882 F.3d 96, 100 (5th Cir. 2018).

[47] *See Finney v. Bd. of Commissioners of Port of New Orleans*, No. CV 21-1186, 2021 WL 5905642, at *7 n. 96 (E.D. La. Dec. 14, 2021) (collecting cases); *see also Alexis v. Hilcorp Energy Co*., 493 F. Supp. 3d 497, 505 (E.D. La. 2020) (collecting cases).

*Romero v. International Terminal Operating Company* enunciates two fundamental principles of admiralty jurisdiction: "(1) that saving [to suitors] clause cases were not freely cognizable on the law side of federal courts under 28 U.S.C. 1333, and (2) that saving [to suitors] clause cases were not removable based on the court's original admiralty jurisdiction alone."[48] Inherent in *Romero*'s principles are the concepts that § 1333 does not vest the district courts with subject matter jurisdiction to hear general maritime claims brought at law, and that general maritime claims brought in state court are necessarily brought at law because suits in admiralty cannot be brought in state court.[49] It thus follows that general maritime claims brought in state court require an independent basis of federal subject matter jurisdiction to be removable. As aptly explained by Judge Duval in *Gregoire v. Enterprise Marine Services, LLC*,

> Maritime claims initiated in state court are, by definition, brought at common law under the saving to suitors clause as an "exception" to the original jurisdiction of the federal courts. If state court maritime cases were removable under Section 1333, the effect would be tantamount to considering all maritime law claims as part of federal question jurisdiction under Section 1331, eviscerating the saving to suitors clause and undermining the holding and policies discussed at length in *Romero*.[50]

The *Gregoire* court concluded that Congress's 2011 amendments to § 1441 do not alter the long-standing rule that general maritime law claims are not removable absent some other, independent basis for federal jurisdiction.[51]

In the recent case of *Alexis v. Hilcorp Energy Co*., Judge Ashe considered the 2011 amendments to the removal statute in light of the savings to suitors clause, the history of maritime removal jurisdiction, and the reasoning employed by other Eastern District of

---

[48] *Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1184 (W.D. Wash. 2014).
[49] *See id.*
[50] 38 F. Supp. 3d 749, 764 (E.D. La. 2014).
[51] *Id.*

Louisiana judges, and agreed that "the 2011 amendments to § 1441 did not change the traditional non-removability of general maritime law claims initiated in state court and that such claims are not removable without an independent basis of subject-matter jurisdiction."[52] This Court agrees. General maritime law claims brought in state court are not removable without some other, independent basis for federal subject matter jurisdiction.

In this case, the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Accordingly, Plaintiff's claims under the general maritime law for negligence and unseaworthiness ordinarily would be removable. In addition, because of the existence of diversity jurisdiction under § 1332, Plaintiff's state law claims also would be removable to federal court under § 1441.[53]

Nonetheless, Plaintiff's Jones Act claims are not removable. As mentioned above, under 28 U.S.C. § 1445(a), Jones Act claims filed in state court are non-removable even when the parties are completely diverse.[54] Kongsberg argues first that the Plaintiff's Jones Act claim should be dismissed and the remaining claims should continue in this Court because Plaintiff is not a seaman and "his Jones Act claim was fraudulently pled to prevent removal."[55] Ordinarily, the contention by a defendant that a claim or party has been included in the plaintiff's complaint merely to frustrate federal jurisdiction arises in the context of the improper joinder of a non-diverse defendant. In that event, if the non-diverse defendant is dismissed as improperly joined, complete diversity is restored, and

---

[52] 493 F. Supp. 3d 497, 506 (E.D. La. 2020).

[53] *See* 28 U.S.C. § 1332.

[54] *See Lewis v. Lewis & Clark Marine, Inc.* 531 U.S. 438, 455 (2001) (stating that "a Jones Act claim . . . is not subject to removal to federal court even in the event of diversity of the parties."); *see also Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 765 (E.D. La. 2014) (recognizing that "Jones Act claims are not subject to removal, even if the parties are diverse.")

[55] R. Doc. 1 at ¶ 23.

the lawsuit may proceed in federal court. But "[t]he improper joinder doctrine is a 'narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one.'"[56] This exception is not applicable in this case as there is complete diversity among the parties, even with the claim against the Jones Act defendant pending. Furthermore, the exception is inapplicable in this case because the Jones Act claim is not removable even if there is diversity jurisdiction.[57] In reality, what Kongsberg is asking is for the Court to dismiss the Jones Act claim, even though it has no effect on the Court's diversity jurisdiction, and then deny the motion to remand on the grounds that there is no pending Jones Act claim. This, the Court is not prepared to do, particularly in light of the early stage of these proceedings. The Court cannot conclude on the current record that there is no there is no reasonable possibility Plaintiff can establish he is a seaman.[58] The issues regarding Plaintiff's seaman status are more properly raised before the state court judge, after the relevant facts have been more fully explored.

Kongsberg's second argument is that the Jones Act claim should be severed and remanded to state court, leaving the general maritime law and state law claims to be

---

[56] *Alexis v. Hilcorp Energy Co.*, 493 F. Supp. 3d 497, 507 (E.D. La. 2020) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).

[57] *See Lewis*, 531 U.S. at 455; *see also Gregoire*, 38 F. Supp. 3d at 765.

[58] Kongsberg presents the affidavits of Michael Corso, regional director of Kongsberg, and Bjørn Sjølund, regional finance and business support manager for Kongsberg's Americas region, and argues that Plaintiff spent between 1% and 2% of his overall working time aboard vessels owned or controlled by the Noble Defendants. *See* R. Doc. 21 at p. 4. Plaintiff presents his own affidavit and the affidavit of Kenneth Miller, a former manager at Kongsberg who served as Plaintiff's supervisor from 2012 to 2019, and argues that Plaintiff spent a majority of his working time aboard vessels generally. *See* R. Doc. 20. Neither party addresses "whether 30% or more of [Plaintiff's] time was spent on vessels under ownership or control of ONE common entity," even if that entity was not one of the Noble Defendants, in light of the "'long-standing Fifth Circuit jurisprudence holding that the employer need not be the owner or operator of the group of vessels.'" *Philip v. Hornbeck Offshore Servs., L.L.C.*, 137 F. Supp. 3d 936, 944 (E.D. La. 2015) (quoting *Jenkins v. Aries Marine Corp.*, 554 F.Supp.2d 635, 640–41 (E.D. La. 2008)). *See Alex v. Wild Well Control, Inc.*, 2009 WL 1507359 (E.D. La. May 28, 2009); *see also Parker v. Jackup Boat Service, LLC*, 542 F.Supp.2d 481, 491 (E.D. La. 2008). This, and other factual issues, will be developed in the state court proceedings.

decided here.[59] When the sole basis of the federal district court's subject matter jurisdiction is diversity jurisdiction, the district court cannot engage in a partial remand. Under § 1441(c), when a civil action includes "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of [title 28])"[60] and "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,"[61] the district court must sever from the action all non-removable claims and remand them to state court, while retaining the federal question claims.[62] While section 1441(c) "provides for a procedure by which actions including both a Jones Act claim and a federal question claim may be removed, subject to severance and remand of the Jones Act claim," this statute "appl[ies] only where the otherwise removable claim is one that falls within the federal question jurisdiction conferred by 28 U.S.C. § 1331."[63] Accordingly, because district courts may undertake a piecemeal remand of certain claims only when removal jurisdiction is based upon § 1331, courts "cannot resort to a partial remand of an action that is properly before the court on diversity jurisdiction."[64]

In this case, although diversity jurisdiction exists, the Plaintiff's state court petition includes a Jones Act claim, which has been made nonremovable by statute. Accordingly, as the Court's subject matter jurisdiction is based on complete diversity, the Court cannot sever and remand the Jones Act claim while retaining the general maritime law and state

---

[59] R. Doc. 1 at ¶ 24.
[60] 28 U.S.C. § 1441(c)(1)(A).
[61] *Id.* § 1441(c)(1)(B).
[62] *Id.* § 1441(c)(1)–(2).
[63] *Rawls v. Phillips 66 Co.*, No. CIV.A. 14-602, 2014 WL 2003104, at *1 (E.D. La. May 15, 2014).
[64] *Bristol–Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F.Supp.2d 734, 743–44 (E.D.Tex.1999). *See also Taylor v. L&P Bldg. Supply of Las Cruces, Inc.*, No. CIV 14-0989 JB/CG, 2015 WL 7803614, at *12 (D.N.M. Oct. 27, 2015*); Bohanna v. Hartford Life & Accident Ins. Co.*, 848 F.Supp.2d 1009, 1013 (W.D.Mo.2012); *RK Dixon Co. v. Dealer Mktg. Servs.*, 284 F.Supp.2d 1204, 1212–13 (S.D.Iowa 2003).

law claims. With respect to remanding claims in diversity cases, the proposition is all or nothing—and in this case, the Court must remand the entire action and all claims asserted therein.

## **CONCLUSION**

**IT IS ORDERED** that Plaintiff Dale Willison's motion to remand[65] is **GRANTED.**

**New Orleans, Louisiana, this 14th day of February, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[65] R. Doc. 6.